Curia, per

O’Neall, J.
In this case, we are satisfied that upon the case stated, the plaintiff would have been entitled to a decree, if he could have proved the existence of such a custom as that which he alleged to exist. I perceive no reason why the custom should have been disallowed. It does not appear to be unreasonable. Where two have the common benefit of any improvement, it is just that each should share in cpmmon the expense of making it. By justice, I understand nothing more than that which sound reason points out as right.
If a common, or rather a partition fence, is necessary to the enjoyment of two adjoining lots; it cannot be right that one should be at the whole expense of repairing it; neither ought one to be deprived of the enjoyment of his lot, because his neighbor will not participate in repairing their dividing fence. All that would seem to be necessary to be done, to make it right that one should aid in the work, or contribute to the expense of it, would be that he should ha^e notice to join in the work of repairing ; and then, if, after allowing him a reasonable time to do so, he should fail, and the other party went on and did the entire work, he ought to contribute his proportion of the expense of doing it. This would appear to be at least a just footing upon which the relative duties and liabilities of neighbors, in relation to adjoining lots, ought to be regulated ; and to this extent the plaintiff proposed to prove an immemorial usage in the city of Charleston. If that usage is proved, it will establish a reasonable custom which must be enforced. In support of this conclusion we have been furnished from the manuscript collection of cases, by our learned and venerable brother Bay, with a copy of the case of Chicester ads. Walker, decided by the Constitutional Court in 1805, in which it was held that “ where the proprietor of a lot of land in the city of Charleston, refuses to join his neighbor in putting up a partition fence, *285 and the other party puts it up at his own expense, the party refusing to join is liable for a moiety of the expense, by the custom of the city.”
The motion to set aside the non-suit is granted,
JohNson, J. concurred.